# AUGUSTUS PORTER, BENJAMIN BARTON, PETER B. PORTER, JAMES L. BARTON, SHELDON THOMPSON, AND NATHANIEL SILL, MERCHANTS TRADING UNDER THE FIRM OF SILL, THOMPSON & CO., *versus* JOHN McDONELL

May 26, 1828

302

Charles Larned, attorney for plaintiffs.
Leib & Woodbridge, attorneys for defendant (1827).

## [OPINION]

This action is founded on a promissory note, made by the Def[t] The note bears date at Detroit the 13 July 1816, and is made payable to the Pltffs in the style of their company or their order, on the 1st day of October 1816 at Buffalo Creek in the State of N. York, for $531.51 cents for value rec[d] in the transportation of goods—

The declaration is in the usual form— No averment is made that the Pltffs were present at Buffalo Creek, ready to receive pay[t] on the day that the note fell due, or that they made any demand of the money at that place— The Pltffs alledge that they were merchants in company trading &[c] under the name of Sill Thompson and Co and that the note was made to them in that capacity—

To the Delaration the def[t] plead the gen[l] issue of nonassumpsit, upon which issue was joined and trial had—

At the trial the plffs produced the note in question as evidence to support their declaration, and proved the hand writing of the def[t] to said note—and upon that evidence rested the case—

To this evidence the defendant demurred, and in said demurrer admitted that the def[t] executed the note in question, and for cause of demurrer says that the evidence is insufficient in Law to maintain and support their action— To the demurrer the Pltff put in a joinder, and took a verdict for the money claimed to be due and Interest in order to the entry of a judgment should the demurrer be adjudged ag[t] the def[t]—

This is the first instance in this Court of a Demurrer to evidence being interposed to draw the fact from the Jury to the Court— Altho it is a proceedings established by the Common Law, in practice it has seldom been resorted to—and in my opinion it is an inconvenient mode of trial and should not be encouraged—

In the usual mode of trials the Jury find the facts in the case and the Court apply the Law to the facts so found— Upon a demurrer to evidence the Court have first to infer the facts, and then apply the Law to the facts so inferred—

The demurrer, not only admits the truth of the testimony but all the facts and conclusions that a Jury could fairly and legitimately find or draw from the evidence— Every inference that the jury could deduce fairly from the evidence is admitted by the demurrer— 4 Cranch 291. 1 Johnston 241. Esp[s] 2[d] vol. 234 Phillips Evidence 217. Douglass 119— 3[d] Johnstons Cases page 10—

The question for the Court to decide is, whether the evidence demurred to, be such as ought to be left to the Jury upon the issue joined? and the Judgment of the Court is whether the evidence, demurred to is or is not suff[t] to maintain the issue— 2[d] Esp[s] 582.— refers to Douglass 119.— And no objection can be made to the Delaration or other parts of the pleadings in that stage of the cause— (Idem)

The Defendants in support of the Demurrer, make two principle points—

1. That there should have been proof, that the individual named by Pltff formed the Company mentioned in the note—

2ᵈ As the note was payable at Buffalo Creek, the Pltffs ought to have averred that they were there on the day the note fell due ready to receive payᵗ &ᶜ—

That to enable the plff to recover before a Jury, evidence of Both facts was necessary—and that the evidence, demurred to, proves neither of those facts—

In reference to the first point, the law appears well settled, that the parties Pltff in interest in a contract should all join in the Action, and if on trial it is proved that there is a party to the Contract, who ought to been named Pltff and is left out a nonsuit will follow— But without proof of the fact of such omission, the suit would stand well— The presumption would be in favor of the the Pltffs that all the proper parties were named— Such I consider to to be the law and the uniform settled practice where the Pltffs sue in their own right and are privies to the Contract—

The defendant has cited one authority from Gow which establishes a Contrary doctrine— But that authority applies to a Bill of Exchange, and is governed by the Law Merchant— It is not contended by the author, that it is applicable to other descriptions of contracts— A promissory note is not to be assimilated to a Bill of exchange until indorsed— until then the law that governs contracts generally applies to a promissory note. The other cases cited by the defˢ counsel to support the exceptions, do not apply— Being actions prosecuted in Auter droit, and not as privies in the Contract—

With regard to the second point made under the demurrer Whenever a contract for the payment of money is made, whether evidenced by note, Bond or otherwise and no place of payᵗ is mentioned in the Contract, it is considered in contemplation of law, that the money should be paid at the place where the contract was made— But where an action is brought to enforce such a Contract, no averment is ever made or deemed necessary that the Pltff was present at the place to receive his payment— It is considered to be the duty of the defᵗ to seek out the Pltff and pay him the money, on the day it falls due if he wishes to secure himself against the consequences of a suit— The parties in the present case having agreed that the payment should be made at a place different from the place, where it would have been payable had they made no stipulation on the subject, does not vary the case in principle— It was competent for the defᵗ to have protected himself against the interest as well as costs of a suit, by going or sending to the place appointed for payᵗ and there tendering the money, or by showing that he was there ready with the money and that the Pltffs were not there to receive it— But such a defence should be made by plea in the nature of a tender, and could not be made under the genˡ issue— Nor would a tender affect or discharge the debt, but the same would be equally recoverable of the defendant—

The law is settled differently when the Contract calls for the payment or delivery of specific articles—

If I am correct in my view of the law, that where the parties are silent, the law of the Contract is that the money should be paid where the Contract is made, and that on suit being brought, that no averment of the plffs being present to receive payᵗ would be necessary, I think it follows, that it cannot be required where the parties designate the place of payᵗ— A tender or offer of payᵗ by the defᵗ would avail him equally in both cases.—

I would further remark in reference to the first point made, that according to the

well established rules of pleading, a plea to the action by the defendants, admits the ability of the Pltff to sue and maintain his action—subject to the exception that if on trial, it appears, that there are persons to the contract not named, or that more persons are named as Pltffs than were parties, to the contract, the defendant might avail himself of such a fact by motion for a nonsuit, altho' he did not plead it in abatement—

The plea in this case is the gen[l] issue non assumpsit— It is a plea in chief and admits the ability of the pltffs to maintain their action—

Having disposed of the objections argued by the Def[t] it now remains to apply the law to the case under the demurrer— The truth of the Testimony being admitted by the demurrer, 2 questions arise thereon—

1[t] Is it competent evidence to be given to the Jury upon the issue Joined?

2[d] If competent, does it support the finding of the Jury?

In answer to the first proposition I entertain no doubts— The evidence was not only competent, but pertinent to the issue joined—

On the second point I am equally well satisfied, that the evidence was sufficient to warrant the jury in finding for the Pltffs and that it sustains the verdict—

My opinion therefore is that the Pltffs are entitled to a Judg[t]